**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PIERRE C. MARC,

Movant,

v.

Case No. 8:26-cv-3370-WFJ-AAS
Crim. Case No. 8:21-cr-71-WFJ-AAS

UNITED STATES OF AMERICA,

Respondent.
_______________________________________/

# ORDER

Pierre C. Marc is a federal prisoner serving a total sentence of 360 months' imprisonment for drug-trafficking offenses. (Crim. Doc. 398). He moves *pro se* to vacate his convictions under 28 U.S.C. § 2255, raising two grounds for relief. (Civ. Doc. 1). After careful review, the Court concludes that the § 2255 motion must be denied as meritless. *See* Rule 4(b), Rules Governing Section 2255 Cases ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

First, Mr. Marc argues that the government violated the federal anti-bribery statute, 18 U.S.C. § 201(c)(2), by offering leniency to two cooperating witnesses in exchange for

truthful testimony at his trial.[1] (Civ. Doc. 1 at 8-10, 13-14). According to Mr. Marc, the witnesses entered plea agreements in which the government (1) "promised to advise the sentencing court of the nature and extent [of] their cooperation," and (2) "promised" that it "may file a motion for downward departure or a reduction in sentence if it" found their assistance "to be substantial." (*Id.* at 13-14). Mr. Marc contends that these plea agreements violated § 201(c)(2) because the government offered a "thing of value" in exchange for "each cooperating drug dealer's testimony." (*Id.* at 14-15).

This argument is foreclosed by binding precedent. Over twenty-five years ago, the Eleventh Circuit held that "agreements in which the government trades sentencing recommendations or other official action or consideration for cooperation, including testimony, do not violate . . . § 201(c)(2)."[2] *United States v. Lowery*, 166 F.3d 1119, 1124 (11th Cir. 1999); *see also United States v. Thayer*, 204 F.3d 1352, 1357 (11th Cir. 2000) ("[Defendant's] second claim is that his conviction should be overturned because it was based in part on testimony obtained through witnesses who had negotiated government plea agreements. This claim is frivolous. Testimony derived through plea agreements is common in trials and does not violate . . . § 201(c)(2), the statute that prohibits bribing

[1] Section 201(c)(2) "forbids anyone from promising anything of value to any person to testify under oath in a judicial proceeding." *United States v. White*, 342 F. App'x 488, 489 (11th Cir. 2009).

[2] Mr. Marc appears to contend that his right to due process was violated because the cooperating witnesses' testimony was "fabricated." (Civ. Doc. 1 at 8, 10). To the extent this allegation could be liberally construed as raising a claim under *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Marc is not entitled to relief because he presents no evidence that "the prosecution's case included perjured testimony and that the prosecution knew, or should have known, of the perjury." *United States v. Stein*, 846 F.3d 1135, 1147 (11th Cir. 2017).

witnesses."); *White*, 342 F. App'x at 490 ("We . . . conclusively have determined that cooperation provisions of plea agreements do not violate . . . § 201(c)(2).").

Second, Mr. Marc seeks to reinstate his original 120-month sentence, contending that the Court "was without jurisdiction" to vacate the sentence because it did so pursuant to Federal Rule of Civil Procedure 60(d)(3), which "does not apply in criminal cases." (Civ. Doc. 1 at 19-21). The record refutes this claim. Mr. Marc initially pleaded guilty and was sentenced to 120 months' imprisonment. (Crim. Docs. 77, 92). He later challenged his guilty plea under Rule 60(d)(3), alleging that counsel had signed the plea agreement without his knowledge. (Crim. Docs. 133, 138). The Court construed the motions as arising under § 2255 and opened a separate civil action. (Crim. Doc. 145). The Court subsequently dismissed the civil action without prejudice when Mr. Marc indicated that he wished to proceed under Rule 60(d)(3). *Marc v. United States*, No. 8:22-cv-2277-WFJ-AAS, Doc. 7 (M.D. Fla.).

Four months later, Mr. Marc appeared with new counsel at a status conference. (Crim. Doc. 169). With Mr. Marc's "express consent," the Court construed the Rule 60(d)(3) motions "as seeking relief under 28 U.S.C. [§] 2255," found that prior counsel had rendered "ineffective assistance," and vacated the plea agreement and judgment. (Crim. Doc. 170). Mr. Marc then pleaded not guilty and proceeded to a jury trial where he was found guilty of two drug-trafficking offenses. (Crim. Docs. 170, 347, 422, 423).

Thus, contrary to Mr. Marc's assertion, the Court did not rely on Rule 60(d)(3) to vacate his original judgment. Instead, it did so under § 2255. That statute authorized the Court to vacate the judgment based on ineffective assistance of counsel and return the case

to the trial docket. *See United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018) (explaining that § 2255 empowers district courts to "vacate and set the judgment aside" and "grant the prisoner a new trial"). Therefore, Mr. Marc's second claim is meritless.

Accordingly, the Court **ORDERS**:

1. Mr. Marc's motion to vacate under § 2255 (Civ. Doc. 1) is **DENIED**.
2. The **CLERK** is directed to enter judgment against Mr. Marc, to **CLOSE** this case, and to enter a copy of this order in the criminal case.
3. Because Mr. Marc neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE** and **ORDERED** in Tampa, Florida, on November 10, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**